Parker C. J.
delivered the opinion of the Court. The question is, whether the plea of insolvency, appointment of commissioners, presentation of the plaintiff’s claim, its rejec *335 tian, and the allegation that no notice was given at the probate office of an intention to prosecute a suit at law, is a sufficient answer to the plaintiff’s demand, as set out in the fourth count in his writ.
This plea is a sufficient answer to the declaration, unless special circumstances stated in it take it out of the general principles as settled in the case of Paine, Judge, v. Nichols, 15 Mass. R. 264.
By the- express words of the statute, all suits are prohibited after the estate shall have been represented insolvent, unless prosecuted in the form therein provided. St. 1784, c. 2. It does not seem to be in the power of any creditor to an insolvent estate, by averment of special circumstances attending his claim, to avoid the effect of this direct provision of the statute; the intention of the legislature being, that all claims, of whatsoever character, should undergo an examination by the commissioners, and should be paid by a pro rat'i distribution founded on the commissioners’ report. And it matters not whether the estate be eventually insolvent or not, as was decided in the case before cited, provided it is represented insolvent and the judge thereupon awards a commission. [1]
If the creditor is dissatisfied with the doings of the commissioners in regard to his claim, he may prosecute it at law, but only on the terms and conditions provided in the statute, for otherwise he will disturb the whole course of proceedings under the commission.
And it is immaterial what are the reasons for which his claim was rejected; for being rejected, he must give notice of his intention to sue, within the time prescribed, in order that proceedings on the report of the commissioners may be stayed until the result of his suit shall be known, and if he recovers, the amount of his judgment is to be inserted in the report, on which the judge will order distribution.
Nor does the allegation that the defendant has recovered assets beyond what is required for the payment of debts, give a right of action, for the estate having been acted upon as *336 insolvent, the course of the common law is stopped in regard to claims against the estate. This very point was decided in the case before referred to.[1]
Whether the commissioners might not have received the plaintiff’s claim and reported the special circumstances of it, so that it might be allowed or not as the situation of the estate would justify, may be matter of doubt, but it is clear, we think, that no action lies against the administrator.
The proper course would seem to have been, for Johnson to have taken possession of the partnership effects, paid off the partnership debts, and then claimed any balance due him against the estate of Hyde ; but of this there might be a question, as it not certain that a mere dormant partner would have this right. If it be true, as alleged, that there is a surplus m the hands of the administrator after paying the debts of Hyde, the plaintiff has an equitable claim to so much of it as will satisfy the just demands of her testator, but there is an insuperable difficulty in maintaining a suit at law for it, foi the reasons given.
We do not see why a remedy cannot be had on a bill in equity, under the statute providing that process for and against partners and their representatives.[2] There seems to have been no remedy at law, the demand being of a nature not to be allowed by the commissioners, and if there had been a • suit under the statute, probably it might have been successfully defended on the ground that the partnership concerns were not adjusted. This however is a suggestion for the consideration of counsel, without intending to be bound by it.

Plea in bar to the fourth count adjudged good.

 Se.s Todd v. Darling 2 Fairfield, 39.

 It is now provided by the Revised Statutes, that no action shall he brought against an executor or administrator after the estate is represented insolvent, unless &e., or unless the assets should prove more than sufficient to pay all the debts allowed by the commissioners, c. 68, § 19, See also §§ 21, 22, 23, 24.

 See Revised Stat. c. 81, § 8.